Yongmoon Kim, Esq.
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROSA M. WILLIAMS-HOPKINS and RANDY HOPKINS, *on behalf of themselves and those similarly situated,*<br><br>Plaintiffs,<br><br>vs.<br><br>EDWARD S. ZIZMOR and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs, Rosa M. Williams-Hopkins and Randy Hopkins, individually, on their behalf and on behalf of all others similarly situated, by way of Complaint against Defendants, Edward S. Zizmor and John Does 1 to 10 says:

## I.  NATURE OF THE ACTION

1. This action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## II.  JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

4. Plaintiff, Rosa M. Williams-Hopkins ("Ms. Williams-Hopkins"), is a natural person residing in Passaic County, New Jersey.

5. Plaintiff, Randy Hopkins ("Mr. Hopkins"), is a natural person residing in Passaic County, New Jersey.

6. When used in this complaint, "Plaintiffs" refer to both Ms. Williams-Hopkins and Mr. Hopkins.

7. Defendant, Edward S. Zizmor ("Zizmor" or "Defendant") is an attorney licensed to practice law in the State of New Jersey, whose principal practice area is the collection of debts, with an office located at 60 Court Street, Suite 1A, Hackensack, New Jersey 07601.

8. Zizmor personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed and oversaw all the illegal policies and procedures complained of in this complaint.

9. Zizmor drafted and/or approved the form and the language of the documents described herein.

10. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV.    FACTS

### A. Background

11. Defendant is not in the business of extending credit, selling goods or services to consumers.

12. Defendant regularly collects or attempts to collect debts.

13. Defendant regularly collects or attempts to collect defaulted debts.

14. Defendant regularly collects or attempts to collect debts allegedly owed to others.

15. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

16. Defendant is in the business of collecting defaulted debts or alleged debts of natural persons.

17. When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce.

18. Defendant maintains, operates and publicizes a website at http://www.edwardzizmor.com, which is representative of Defendant's principal purpose and business, the collection of debts.

   a. For example, Zizmor describes himself on the website as a "Collection Attorney in New York and New Jersey," "Edward S. Zizmor is an attorney in New York and New Jersey who specializes in collection. He is a leader in the field and has collected for numerous doctors, dentists, contractors and other businesses and professionals who have not been paid for their work."

   b. For example, Zizmor holds himself as practicing in the field, *inter alia*, of "Medical & Dental Collection."

19. Defendant has asserted that Plaintiffs allegedly owed a certain financial obligation arising out of an account ("Debt" or "Account").

20. The Debt is alleged to arise from one or more transactions.

21. The Debt is alleged to arise from one or more transactions which were primarily for Plaintiffs' personal, family, or household purposes.

22. The debts alleged to be owed by Plaintiffs and those similarly situated were incurred for personal, family or household purposes.

23. Defendant contends that the Account is past-due and in default.

24. The Account was placed or assigned to Defendant for collection.

25. The Account was past-due and in default when it was placed with or assigned to Defendant for collection.

26. In an attempt to collect the Debt, Defendant, on June 11, 2019, sent a collection letter, which is attached as **Exhibit A**.

27. In an attempt to collect the Debt, Defendant, on July 22, 2019, filed a collection action against Plaintiffs in the Superior Court of New Jersey captioned as *Medwell LLC v. Rosa Williams Hopkins and Randy Hopkins*, PAS-DC-7833-19 (NJ. Super. Ct. Law Div.) (hereinafter the "Collection Action").

28. Plaintiffs incorporate and adopt by reference the record in the Collection Action.

**B. The Collection Letter**

29. The collection letter is an initial communication.

30. The collection letter failed to adequately state the name of the creditor as required by 15 U.S.C. § 1692g(a)(2).

31. The collection letter stated that the "Amount Due [was] $7,000.00[.]" This is incorrect as described in detail below. Therefore, the collection letter failed to adequately state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1)

32. As described in detail below, the collection letter sought amount not permitted by law or contract.

33. Defendant demanded payment the same "within the 30-day period" of the Validation Notice. Defendant threatened, "[y]our failure to do so will leave my client no alternative other then [sic] to commence suit for the amount owing along with costs and interest."

34. Therefore, by threatening suit if not waiting within the 30-day validation period, Defendant overshadowed the Validation Notice in violation of 15 U.S.C. § 1692g(b).

35. Defendant also falsely threatened interest.

36. Further, Defendant failed to identify himself as a debt collector as required by 15 U.S.C. § 1692e(11).

**C. Publication of Protected Private Health Information**

37. The complaint in the Collection Action ("Complaint") contained a "**NOTICE:**" that "[t]his is a public document, which means the document as submitted will be available to the public upon request."

38. On July 22, 2019, in an attempt to the collect the Debt, Defendant filed a document attached to the Complaint titled "GENERAL HEALTH INFORMATION" without any redactions.

39. The "GENERAL HEALTH INFORMATION" contained the series of answers to a series of health-related questions, including the names of prescribed medications, medical and family history and known allergies.

40. The "GENERAL HEALTH INFORMATION" contained an "INSURANCE INFORMATION" section that included Ms. Williams-Hopkins' full name, date of birth, full name of Ms. Williams-Hopkins' insurer and the full insurance policy number.

   a. Although the Policy Holder is in the name of only one Plaintiff, upon information and belief, the "INSURANCE INFORMATION" applies to an insurance company used by both Plaintiffs.

41. On July 22, 2019, in an attempt to the collect the Debt, Defendant filed a document attached to the Complaint titled "Combined Statement of Account" without any redactions.

42. The "Combined Statement of Account" included the account numbers associated with Plaintiffs, included dates of services, description of medical services, full check numbers issued by Plaintiffs' insurer and full money order numbers provided by the Plaintiffs.

43. Due to public dissemination of private information, on October 7, 2019, Counsel for Rosa M. Williams-Hopkins and Randy Hopkins in the state action filed a motion to replace the documents included in the state collection complaint with redacted versions.

44. On October 11, 2019, Zizmor filed a letter response to the motion to replace where he did "not object to the signed general health information page being redacted. I do however object to the billing page being redacted as to the amounts owed and paid. This has nothing to do with health information and is a necessary part of the case."

45. On October 24, 2019, Edward Zizmor filed a motion for a protective order in light of the number of Requests for Admissions. As part of the motion, Zizmor attached the Requests for Admissions propounded Rosa M. Williams-Hopkins and Randy Hopkins. These Requests for Admissions included confidential medical and insurance information. Including

the names of medications that Ms. Williams-Hopkins was prescribed, Ms. Williams-Hopkins' medical and family history, Ms. Williams-Hopkins' allergies, full name of Ms. Williams-Hopkins' insurer and the full insurance policy number, dates of services, description of medical services, full check numbers issued by Plaintiffs' insurer and full money order numbers provided by the Plaintiffs.

46. On October 25, 2019, Zizmor filed a corrected version of the motion for a protective order in light of the number of Requests for Admissions. In this motion Zizmor, again, attached the Requests for Admissions propounded by counsel for Rosa Williams-Hopkins and Randy Hopkins. These Requests for Admissions included confidential medical and insurance information. Including the names of medications that Ms. Williams-Hopkins was prescribed, Ms. Williams-Hopkins' medical and family history, Ms. Williams-Hopkins' allergies, full name of Ms. Williams-Hopkins' insurer and the full insurance policy number, dates of services, description of medical services, full check numbers issued by Plaintiffs' insurer and full money order numbers provided by the Plaintiffs.

47. On October 25, 2019, the court in the Collection Action granted the motion to replace, allowing Counsel for the Hopkins to file a redacted version of Zizmor's complaint as to all requests except that of monetary numbers paid and owed.

   a. On December 4, 2019, the court amended the order granting the motion to replace, specifying that Zizmor's complaint was to be "deleted from the record" and clarifying that Counsel for the Hopkins may file a redacted version of Zizmor's complaint that redacted "confidential health and identifying information."

48. The FDCPA was enacted because existing consumer protection laws were

found to be inadequate to protect the honest but unfortunate debtor based on abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. 15 U.S.C. §§ 1692(a) and 1692(b).

49. Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, **and** to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573 (2010) (emphasis added) (internal quotation marks omitted); 15 U.S.C. § 1692(e); *see also* S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698 (the Act was meant to suppress unfair and deceptive debt-collection practices).

50. Defendant publicly disclosed confidential information associated with the Plaintiffs during Defendant's pursuit of collecting the Debt.

51. Even after being placed on-notice that Plaintiffs considered the information to be highly sensitive and personal, Defendant again publicly filed such information when seeking a protective order.

52. By including highly confidential health and personal information, the Defendant intentionally disclosed private facts about Plaintiffs. Defendant used protected health information for the improper and unlawful purpose of gaining leverage in connection with their attempt to collect a debt.

53. Defendant's disclosure of Plaintiffs' highly confidential health and personal health information in the Collection Action was not to achieve the objects of the Collection

Action; indeed, the confidential medical information and insurance information that was exposed were absolutely unnecessary in the efforts to collect the Debt.

### D. Collection of Inflated Balances

54. Not including the alleged attorney's fees, Defendant sought to collect $5,250 from the Plaintiffs.

55. On information and belief, the alleged outstanding amount, after Plaintiffs' insurer paid their responsibility and Plaintiffs paid several money orders, was no more than $1,094.00.

56. Either, Zizmor sought to collect an amount almost five times more than the amount allegedly outstanding or Zizmor charged interest at a rate not authorized by law or contract.

57. Defendant falsely, deceptively and misleadingly, represented the amount of debt by demanding an amount almost five times more than the amount outstanding and/or charged interest at a rate not authorized by law or contract.

58. Defendant falsely, deceptively and misleadingly, requested and demanded an amount almost five times more than the amount allegedly outstanding or charged interest at a rate not authorized by law or contract.

59. The false, deceptive and misleading inclusion of unlawful interest and inflated legal fees makes the least sophisticated consumer uncertain as to the amount allegedly owed, how to properly prioritize their expenses versus their indebtedness and places undue pressure to pay the debt.

60. On information and belief, it is Defendant's policy and practice to demand and include impermissible legal fees in attempts to collect consumer debts, which falsely threatened unlawful collection charges in violation of the FDCPA.

### E. Unauthorized Legal Fees

61. Zizmor sought $1,750 in "legal fees" from the Plaintiffs.

62. Zizmor, unilaterally, combined the $5,250 in the alleged outstanding debt and $1,750 in "legal fees" and made a "demand amount" of "$7,000."

   a. In the Complaint, Zizmor sought an additional "Attorney's Fees" of "$155.00."

   b. It is unclear and unexplained how "Attorney's Fees" of $155 was not included in "legal fees" of $1,750.

63. The underlying contract only allows for the "attorneys' fees and costs" that were "incurred" for the collection of any outstanding amounts.

64. On information and belief, Zizmor did not incur $1,750 in "legal fees" on and by the date of filing the Collection Action, July 22, 2019.

65. Defendant falsely, deceptively and misleadingly, represented the amount of debt by demanding $1,750 for unincurred legal fees, which were not authorized by law or contract.

66. Defendant falsely, deceptively and misleadingly, requested $1,750 for unincurred legal fees, which were not authorized by law or contract, in connection with the collection of the Debt.

67. The false, deceptive and misleading inclusion of inflated legal fees makes the least sophisticated consumer uncertain as to the amount allegedly owed, how to properly prioritize their expenses versus their indebtedness and places undue pressure to pay the debt. It is Defendants' policy and practice to include unincurred and/or impermissible legal fees, in attempts to collect consumer debts, which falsely threatened unlawful collection charges in violation of the FDCPA.

### F. Combined Accounts

68. In the Collection Action, Defendant, unilaterally, combined and demanded an amount for the debts associated with both Mr. Hopkins and Ms. Williams-Hopkins.

69. However, neither Plaintiff signed a contract representing that they would be responsible for the indebtedness of the other.

70. However, neither Plaintiff by operation of law are responsible for the indebtedness of the other.

71. Defendant falsely, deceptively and misleadingly misrepresented the amount of debt by combining the debts which were not authorized by law or any underlying contractual agreements.

72. Defendant falsely, deceptively and misleadingly, requested a demand amount that combined the debts which were not authorized by law or any underlying contractual agreements, in connection with the collection of the Debt.

73. The false, deceptive and misleading combination of debts would lead the least sophisticated consumer to believe they are responsible for the debts of another person.

74. It is Defendant's policy and practice to attribute debts to individuals, as jointly and severally, in attempts to collect consumer debts, not authorized by law or contract, in violation of the FDCPA.

## V.   CLASS ACTION ALLEGATIONS

75. Plaintiffs bring this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

76. Subject to discovery and further investigation which may cause Plaintiffs to modify the following class definitions at the time Plaintiffs move for class certification, Plaintiffs seek certification of the following Classes initially defined as follows:

> **CLASS A:** All natural persons with an address within the State of New Jersey, to whom, from June 11, 2019, through the final resolution of this case, Defendant, sent one or more letters in an attempt to collect a consumer debt.
>
> **CLASS B:** All natural persons identified as a defendant, or as a person for whom services were rendered, in any documents filed from June 11, 2019, through the final resolution of this case, in any lawsuit in the Superior Court of New Jersey, seeking to collect a consumer debt, where any of those documents disclosed confidential health information and/or confidential personal identifiers (including but not limited to prescribed medication, medical information, family history, allergies, dates of services, insurance policy number, description of medical services rendered, insurance check numbers).
>
> **CLASS C:** All natural persons identified as a defendant, or as a person for whom services were rendered, in any documents filed from June 11, 2019, through the final resolution of this case, in any lawsuit in the Superior Court of New Jersey, seeking to collect a consumer debt, that sought an amount over the actual amount owed.
>
> **CLASS D:** All natural persons identified as a defendant, or as a person for whom services were rendered, in any documents filed from June 11, 2019, through the final resolution of this case, in any lawsuit in the Superior Court of New Jersey, seeking to collect a consumer debt, that included a demand for legal fees not authorized by an underlying agreement or permitted by law.

>**CLASS E:** All natural persons identified as a defendant, or as a person for whom services were rendered, in any documents filed from June 11, 2019, through the final resolution of this case, in any lawsuit in the Superior Court of New Jersey, seeking to collect a consumer debt, that attributed the individual as obligated to pay a debt incurred by another individual to whom they were not obligated to pay.

77. Plaintiffs seek to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

78. The Classes for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

79. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

   a. Whether Defendant is a debt collector under the FDCPA;

   b. Whether Defendant violated the FDCPA; and

   c. Whether Plaintiffs and the Classes are entitled to damages.

80. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Classes and will foster economies of time, effort and expense.

81. Plaintiffs' claims are typical of the claims of the members of the Classes.

82. The questions of law and/or fact common to the members of the Classes predominate over any questions affecting only individual members.

83. Plaintiffs do not have interests antagonistic to those of the Classes.

84. The Classes, of which Plaintiffs are members, are all readily identifiable.

85. Plaintiffs will fairly and adequately protect the interests of the Classes, and have retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer and other complex litigation, and claims of the type asserted in this action.

86. The prosecution of separate actions by individual members of the Classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

87. Plaintiffs do not anticipate any difficulty in the management of this litigation.

## VI.     COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

88. Plaintiffs, on behalf of themselves and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

89. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

90. Plaintiffs and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

91. The Debt is consumer "debt" as defined by 15 U.S.C. § 1692a(5).

92. The debts alleged to be owed by the Plaintiffs and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

93. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

94. The collection letter as **Exhibit A** and the documents filed in the Collection Action are "communications" as defined by 15 U.S.C. § 1692a(2).

95. Defendant's debt collection conduct described above violated the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692e(11), 1692f,1692f(1), 1692g, 1692g(a)(1), 1692g(a)(2), and 1692g(b).

96. The violations of the FDCPA described herein constitute *per se* violations.

97. Based on any one or more of those violations, Defendant is liable to Plaintiffs and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Rosa M. Williams-Hopkins and Randy Hopkins, on behalf of themselves and others similarly situated, demands judgment against Defendant, Edward S. Zizmor as follows:

   A.   For certification of this instant matter as a class action, appointing the named Plaintiffs as representatives of the classes, and appointing the attorneys of Kim Law Firm LLC as class counsel;

   B.   An award of actual damages for Plaintiffs and the Classes pursuant to 15 U.S.C. § 1692k(a)(1) including to the extent the recovery of attorney's fees and costs causes Plaintiffs or the Classes a negative tax consequence;

   C.   For statutory damages in favor of Plaintiffs and the Classes pursuant to 15 U.S.C. § 1692k(a)(2);

   D.   For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E. For pre-judgment and post-judgment interest; and

F. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiffs demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except *Williams-Hopkins v. Medwell, LLC*, BER-L-7294-19 (N.J. Super. Law Div. Bergen Cty.).

           KIM LAW FIRM LLC

           *s/Yongmoon Kim*
           Yongmoon Kim, Esq.

Dated: June 11, 2020