UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSA M. WILLIAMS-HOPKINS and RANDY HOPKINS, *on behalf of themselves and those similarly situated*,<br><br>**Plaintiffs,**<br><br>v.<br><br>EDWARD S. ZIZMOR and JOHN DOES 1 TO 10,<br><br>**Defendants.** | Civil Action No. 20-7168 (MAH)<br><br>OPINION |

## I. INTRODUCTION

This matter comes before the Court by way of an Order to Show Cause entered on April 11, 2022, directing Defendant Edward S. Zizmor to show cause in writing why this matter should not be deemed settled. Order to Show Cause, Apr. 11, 2022, D.E. 42. Defendant responded to the Order to Show Cause on April 19, 2022. Def.'s Response, Apr. 19, 2022, D.E. 43. Plaintiffs Rosa M. Williams-Hopkins and Randy Hopkins (collectively "Plaintiffs") filed a letter in response to Defendant's submission on May 3, 2022. Pls.' Reply, May 3, 2022, D.E. 44. The parties subsequently consented to Magistrate Judge jurisdiction, and agreed to the Court's consideration of their respective responses to the Order to Show Cause in lieu of formal motion practice. Magistrate Jurisdiction Consent Order, June 15, 2022, D.E. 49; Order, June 1, 2022, D.E. 47.

The Court has reviewed the parties' submissions, and analyzed this issue without oral argument. For the reasons discussed below, the Court will deem this matter settled on the terms set forth in the April 11, 2022 Order to Show Cause.

## II. BACKGROUND

Plaintiffs initiated this class action litigation by filing a Complaint against Defendant on June 11, 2020. Compl., June 11, 2020, D.E. 1. The Complaint alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by, among other things, falsely threatening interest, and failing to identify himself as a debt collector when attempting to collect a medical debt on behalf of MedWell LLC ("MedWell"), the underlying creditor. *Id.* at ¶¶ 27, 35-36, 60. Plaintiffs did not name MedWell as a defendant in this matter. Plaintiffs did, however, initiate a putative class action against MedWell in New Jersey Superior Court on October 18, 2019.[1] *Williams-Hopkins v. MedWell, LLC*, BER-L-7294-19 (N.J. Super. Ct. Oct. 18, 2019). On August 12, 2021, the Honorable Robert C. Wilson, Judge of the Superior Court, granted summary judgment in MedWell's favor and dismissed Plaintiffs' Superior Court complaint. Plaintiffs appealed that decision on September 27, 2021. *Williams-Hopkins v. MedWell, LLC*, A-273-21 (Sept. 27, 2021).

One month later, on October 28, 2021, Defendant filed a letter notifying the Undersigned that the parties "agreed to settle this matter and [were] in the process of finalizing the settlement." Def.'s Letter re Settlement, Oct. 28, 2021, D.E. 29. The parties also requested that the Court cancel a settlement conference set to occur before the Undersigned on October 29, 2021. *Id.* The Court granted that request. Order, Oct. 28, 2021, D.E. 30. The next day, the Honorable Madeline Cox Arleo, United States District Judge, entered a Sixty-Day Order administratively terminating this action. Sixty-Day Order, Oct. 29, 2021, D.E. 31.

---

[1] There are two state court actions between Plaintiff, on the one hand, and MedWell, on the other hand. In addition to *Williams-Hopkins v. MedWell*, BER-L-7294-19, MedWell seeks to collect a medical debt from Plaintiffs in *MedWell LLC v. Rosa Williams-Hopkins*, PAS-DC-7833-19 (N.J. Super Ct. July 22, 2019).

2

The parties thereafter requested and received three extensions of the administrative termination deadline. *See* Letter from Parties, Dec. 27, 2021, D.E. 32; Order, Dec. 28, 2021, D.E. 33; Letter from Parties, Jan. 27, 2022; Order, Jan. 27, 2022, D.E. 35; Letter from Parties, Feb. 24, 2022, D.E. 36; Order, Feb. 25, 2022, D.E. 37. Plaintiffs ultimately filed a letter requesting that this matter be reopened on March 11, 2022. Pls.' Letter Requesting to Reopen, Mar. 11, 2022, D.E. 38. Plaintiffs explained that the parties had reached an impasse; their main disagreement being Defendant's demand that any settlement agreement include a release of non-party MedWell. *Id.* at p. 1. At the Court's instruction, the parties filed a joint status report explaining the dispute and their respective positions on March 31, 2022. Order, Mar. 14, 2022, D.E. 39; Joint Status Report, Mar. 31, 2022, D.E. 40. Defendant acknowledged that he had agreed to settle "with Plaintiffs on an individual basis for $20,000, in order to bring finality to this matter." Joint Status Report, D.E. 40, at p. 2. However, "[i]n agreeing to settle, Defendant Zizmor believe[d] that the claims against his client and Plaintiffs' creditor[, MedWell,] should be included." *Id.* Plaintiffs refused to release MedWell, stating they would only be willing to do so if they lost their pending state court appeal. *Id.*

The parties appeared before the Undersigned for a status conference on April 11, 2022. Later that same day, the Court entered an Order to Show Cause. Order to Show Cause, D.E. 42. The Order to Show Cause included the Undersigned's perception that it

> appear[ed] that the parties agreed to resolve this case on an individual basis for the sum of $20,000 to be paid to Plaintiffs . . . and it [did] not appear[] from the March 31, 2022 joint letter or the April 11, 2022 telephone status conference that the issuance of a release by Plaintiffs to non-party MedWell LLC in this action constitute[d] a material term of settlement.

*Id.* at p. 2. Defendant was consequently required to

3

>show cause, through applicable legal authorities and any appropriate exhibits, why the Court should not deem this matter as having been settled on the following terms: (1) Defendant to pay the sum of $20,000 to Plaintiffs and/or Plaintiffs' counsel; (2) exchange of releases between the parties to this matter; and (3) dismissal of this action.

*Id.* The parties responded to the Order to Show Cause and, at the Court's instruction, submitted supplemental materials in further support of their respective positions. Def.'s Response, D.E. 43; Pls.' Reply, D.E. 44; Order, D.E. 47. In addition to exhibits, Defendant and Defendant's counsel, David J. Gittines, Esq., filed certifications. Certification of David J. Gittines, Esq., Apr. 19, 2022, D.E. 43, at pp. 7-8 ("April 2022 Gittines Certification"); Certification of David J. Gittines, Esq., June 30, 2022, D.E. 50, at pp. 2-7 ("June 2022 Gittines Certification"); Exhibit E to June 2022 Gittines Certification, Certification of Edward S. Zizmor, Esq., June 30, 2022, D.E. 50, at pp. 31-32 ("Defendant's Certification").[2] Plaintiffs' counsel, Yongmoon Kim, Esq., also submitted a certification. Certification of Yongmoon Kim, Esq., July 1, 2022, D.E. 51 ("Kim Certification").

The Court addresses the litigants' positions in turn. Defendant does not dispute that the parties agreed to settle this matter on October 28, 2021. Def.'s Response, D.E. 43, at pp. 2, 5; *see also* Defendant's Certification, D.E. 50, at p. 31, ¶¶ 2-3. Defendant's own counsel certifies that "the parties agreed to settle Plaintiffs' FDCPA claims against Mr. Zizmor on an individual basis for a total of $20,000." June 2022 Gittines Certification, D.E. 50, at p. 4, ¶¶ 13-14. At that time, there was apparently "no specific discussion regarding the parties to the settlement, but it was understood that the settlement was between Mr. Zizmor and the Plaintiffs." *Id.* at ¶ 17.

---

[2] All citations to exhibit page numbers in this Opinion refer to the electronic case filing ("ECF") page number at the top of each document.

Sixty days later, on December 27, 2021, Defendant emailed Plaintiffs two draft settlement agreements. Exhibit A to April 2022 Gittines Certification, D.E. 43, at pp. 10-18; *see also* April 2022 Gittines Certification, D.E. 43, at ¶ 3; June 2022 Gittines Certification, D.E. 50, at ¶¶ 20-22. Defendant and Plaintiff Randy Hopkins were parties to one agreement, and Plaintiff Rosa M. Williams-Hopkins and Defendant were parties to the other. Exhibit A to April 2022 Gittines Certification, D.E. 43, at pp. 11-14 ("Draft Randy Hopkins-Zizmor Agreement"); *id.* at pp. 15-18 ("Draft Rosa Williams-Hopkins-Zizmor Agreement"). Paragraph 1(b) of each of the proposed agreements provided, in relevant part, that Plaintiffs would "absolutely, irrevocably and unconditionally waive and fully release, acquit, and forever discharge any and all Claims [sic] against Defendant and Defendant's present and former clients, including but not limited to MedWell LLC." Draft Randy Hopkins-Zizmor Agreement, D.E. 43, at p. 12; Draft Rosa Williams-Hopkins-Zizmor Agreement, D.E. 43, at p. 16. Plaintiffs contend, and Defendant does not dispute, that "[t]his was the first time a release for MedWell was mentioned." Kim Certification, D.E. 51, at ¶ 8; *see also* Pls.' Reply, D.E. 44, at pp. 1, 3; June 2022 Gittines Certification, D.E. 50, at p. 3, ¶¶ 20-21.

Due to personal matters affecting Plaintiffs' counsel, Plaintiffs did not provide feedback until February 23, 2022. Exhibit D to April 2022 Gittines Certification, D.E. 43, at pp. 29-34; *see also* Exhibit B to April 2022 Gittines Certification, D.E. 43, at pp. 20; Kim Certification, D.E. 51, at ¶ 10. On that date, Plaintiffs' attorney emailed defense counsel, "David, thank you for your patience. I made some edits. The significant [sic] being that there is a carveout for the MedWell case which is currently on appeal. Once we finalize the Rosa agreement, we can make the same changes to [the] other one," and attached a red-lined version of the draft Rosa

5

Williams-Hopkins settlement agreement.  Exhibit D to April 2022 Gittines Certification, D.E. 43, at pp. 30-34.  Paragraph 1(b) was modified to reflect that Plaintiff Williams-Hopkins would:

> absolutely, irrevocably and unconditionally waive and fully release, acquit, and forever discharge any and all Claims against Defendant arising out of Defendant's attempt to collect a debt on behalf of MedWell, LLC.  Further, for the avoidance of doubt, the release does not release any Claims, and expressly reserves any Claims, against MedWell, LLC (and any of its owners), including but not limited to any Claims asserted in the lawsuit currently styled *Williams-Hopkins v. MedWell, LLC*, BER-L-7294-19 with an appeal pending at A-273-21 (and any related cases, proceedings in arbitration, and any further appeals).

*Id.* at p. 32.  Defendant refused to assent to this term.  *See* June 2022 Gittines Certification, D.E. 50, at p. 6, ¶ 35; *see also* Defendant's Certification, D.E. 50, at p. 32, ¶ 4.  Defendant now argues the parties did not have a "meeting of the minds" and "[t]he settlement of this matter only makes sense with the inclusion of Mr. Zizmor's client, MedWell."  Def.'s Response, D.E. 43, at pp. 4, 6; *see also* June 2022 Gittines Certification, D.E. 50, at p. 6, ¶¶ 35-36.  Accordingly, Defendant urges the Court to find the parties did not have an enforceable settlement agreement, and enter a new discovery schedule.  Def.'s Response, D.E. 43, at p. 6.  Plaintiffs counter that the parties undisputedly agreed to three material terms of settlement on October 28, 2021, and a release of non-party MedWell was not one of them.  Pls.' Reply, D.E. 44, at p. 3.  Plaintiffs therefore ask "that the Court deems this matter as being settled on the following terms:  (1) Defendant to pay the sum of $20,000 to Plaintiffs and/or Plaintiffs' counsel; (2) Exchange of releases between the parties to this matter; and (3) Dismissal of this action."  *Id.* at p. 5.

### III.  DISCUSSION

"State law governs the construction and enforcement of settlement agreements in federal court."  *Excelsior Ins. Co. v. Pennsbury Pain Ctr.*, 975 F. Supp. 342, 348-49 (D.N.J. 1996) (first citing *Langella v. Anderson*, 734 F. Supp. 185, 191-92 (D.N.J. 1990); and then citing *Isidor*

6

*Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 761 F. Supp. 1231, 1233 (D.VI. 1991)).  In this matter, New Jersey law applies, and dictates that an agreement to settle litigation is a contract. *Pascarella v. Bruck*, 190 N.J. Super. 118, 124 (App. Div. 1983).  Like all other contracts, a settlement agreement must "be freely entered into." *Id.*  The Court, "absent a determination of 'fraud or other compelling circumstances,'" is obligated to "honor and enforce [an agreement to settle] as it does other contracts." *Id.* at 124-25 (quoting *Honeywell v. Bubb*, 130 N.J. Super. 130, 136 (App. Div. 1974)).

      Under New Jersey state jurisprudence, an enforceable contract exists when the parties agree on sufficiently definite, essential terms and "manifest an intention to be bound by those terms." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992); *accord United States v. Lightman*, 988 F. Supp. 448, 458 (D.N.J. 1997).  This is true even where "parties orally agree on the essential terms . . . [and] a writing does not materialize because a party later reneges." *U.S. Bank Nat'l Ass'n v. Cobalt Realty, LLC*, Civ. No. 10-5093, 2013 WL 1192060, at *5 (D.N.J. Mar. 22, 2013) (internal quotation marks omitted) (quoting *McDonnell v. Engine Distribs.*, Civ. No. 03-1999, 2007 WL 2814628, at *3 (D.N.J. Sept. 24, 2007)).  Settlement agreements "[are] binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970) (citations omitted).

      The record establishes the parties reached a valid agreement to settle this action on October 28, 2021.  *See* Def.'s Letter re Settlement, D.E. 29.  Defendant himself set forth the essential terms of the parties' agreement.  Defendant unequivocally stated that he "agreed to settle this Fair Debt Collection Practices Act ('FDCPA') class action with Plaintiffs on an individual basis for $20,000, in order to bring finality to this matter" in the parties' March 31,

7

2022 joint status report. Joint Status Report, D.E. 40, at p. 2. The parties' mutual consent to these terms created a binding and enforceable contract under New Jersey law. Indeed, the parties confirmed their understanding during the April 11, 2022 status conference. *See* Order to Show Cause, D.E. 42, at p. 2. It is also beyond dispute that a release of non-party MedWell was not an "essential term" of the parties' settlement agreement.

Nothing in Defendant's more recent submissions persuades the Court otherwise. Defendant continually references a personal belief that Plaintiffs' claims against MedWell should be encompassed in the parties' agreement. June 2022 Gittines Certification, D.E. 50, at pp. 6; Defendant's Certification, D.E. 50, at p. 31, at ¶ 2. However, Defendant makes no argument and, indeed, has produced no evidence suggesting this "requirement" was even discussed prior to December 27, 2021. *See* Def.'s Response, D.E. 43, at pp. 4, 6; June 2022 Gittines Certification, D.E. 50, at pp. 3-4, at ¶¶ 13-16, 18-21. Defendant's misgivings about a non-essential term are not a basis to undo the agreement the parties have reached. *See, e.g.*, *Longo v. First Nat'l Mortg. Sources*, 523 F. App'x 875, 877-78 (3d Cir. 2013) (affirming order enforcing settlement where plaintiffs accepted offer of $5,000 in exchange for release, notwithstanding later communication that plaintiffs "were no longer interested in settling"); *Cram v. Fanatic Grp. LLC*, Civ. No. 18-13531, 2020 WL 532975, at *3 (D.N.J. Jan. 9, 2020) (holding dispute over provision did not invalidate settlement agreement because term "[w]as a means to facilitate the implementation of the essential terms," but "not itself essential"); *Bistricer v. Bistricer*, 231 N.J. Super. 143, 149-50 (Ch. Div. 1987) (finding gaps and disagreements concerning enactment of agreement "d[id] not abort the settlement"). Furthermore, the parties' agreement "is no less a contract because some preferable clauses may be omitted either deliberately or by neglect." *Cobalt Realty*, 2013 WL 1192060, at *5 (quoting *Bistricer*, 231 N.J.

Super. at 147). The Court declines, under these circumstances, to frustrate the parties' intentions to be bound. The Court will therefore, in accordance with the April 11, 2022 Order to Show Cause, enter an Order deeming this matter as having been settled.

### IV.   CONCLUSION

For the foregoing reasons, the Court deems this matter settled on the following terms: (1) Defendant to pay the sum of $20,000 to Plaintiffs and/or Plaintiffs' counsel; (2) exchange of releases between the parties to this matter; and (3) dismissal of this action. An appropriate Order accompanies this Opinion.

*/s Michael A. Hammer*
Hon. Michael A. Hammer,
United States Magistrate Judge

Dated: July 18, 2022